By the Court.—Curtis, J.
The objections on. the part of the appellant, that there was no proof of a. demand and refusal of the goods detained, before the-commencement of the action, and that there was an. unconditional offer to return the goods previously, are-not tenable. The evidence shows a substantial demand. *477 for the property, and a refusal, and the possession of the defendant appears to have been tortious. The proposition of the defendant, that if the plaintiff gave him. some directions to open by a locksmith, in the presence of two witnesses, the premises from which he had. excluded the plaintiff, and to have plaintiff’s goods, packed and sent to him, is not such an unconditional offer to return the property, and of restoration to the-plaintiff, as the law contemplates to create a bar to this action.
But whether the verdict should not be set aside for excessiveness of damages, presents a more serious question. There does not appear to be any evidence at the-trial, showing that the use of this furniture was of value during the period the plaintiff was deprived of it, or that it depreciated during that interval. Those were elements, which the jury might have taken into consideration in assessing the damages for the detention, if there had been any proof of them (Allen v. Fox, 51 N. Y. R. 562: N. Y. G. & I. Co. v. Flynn, 55 N. Y. R. 653). Nothing is disclosed to take the case out of the usual rule, that the measure of the plaintiff’s damages is the interest on the value of the property while in the defendant’s possession. This would reduce the present verdict of two hundred dollars damages for the detention of the goods, to the interest on seven hundred and fifty dollars, for two weeks—two dollars and nineteen cents. The verdict should be set aside for excessiveness of damages, and. a new trial granted on payment of costs of the trial, unless the plaintiff stipulates in twenty days to reduce the verdict to two dollars and nineteen cents, the-amount of the interest as above stated, in which event this motion is denied, with costs, to abide the event of the action.
Monell, Ch. J., concurred.